[Cite as *T.W. v. D.H.*, 2024-Ohio-2832.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| T.W. | : | |
| | : | |
| Appellee | : | C.A. No. 30011 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 05682 |
| | : | |
| D.H. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 26, 2024

. . . . . . . . . . .

D.H., Pro Se Appellant

T.W., Pro Se Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Respondent D.H. appeals pro se from the trial court's issuance of a civil stalking protection order against her.

{¶ 2}  Respondent recites her version of the underlying facts and insists that she never threatened Petitioner or Petitioner's daughter, the two individuals who are protected

by the trial court's order. After reviewing a transcript of the full protection-order hearing, we conclude that the trial court's order was supported by the evidence. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 3} On October 23, 2023, Petitioner T.W. sought a protection order under R.C. 2903.214 to protect herself and her minor children from Respondent. The petition alleged that Respondent had been making threats against Petitioner and one of her children, following them, and attempting to fight.

{¶ 4} Following the denial of an ex parte protection order, the matter proceeded to a full hearing on December 19, 2023. Petitioner was the sole witness at the hearing. Petitioner testified about an incident in which Respondent's daughter "tried to attack" Petitioner's daughter at school. According to Petitioner, Respondent also blocked Petitioner's car in the school parking lot and made threats of violence. Respondent then followed Petitioner's car. When Petitioner stopped, Respondent began cursing and threatening violence. Thereafter, Respondent started driving past Petitioner's house. Petitioner also recounted an incident in which Respondent and others threatened or attempted to "attack" Petitioner and "jump" her daughter after a ball game. Petitioner testified that she sought a protection order shortly after this incident.

{¶ 5} Based on Petitioner's testimony, the trial court filed a final civil stalking protection order on December 21, 2023. The trial court based its order on the following findings of fact:

Petitioner credibly testified that on August 3, 2023 Respondent

waited for Petitioner in the school pick up line, and blocked traffic. Respondent then followed Petitioner out of the school and told Petitioner she would "f her up." Petitioner testified that Respondent tried to hit her vehicle. Petitioner pulled her vehicle over, and Respondent got out of her vehicle and acted as though she wanted to fight Petitioner.

On October 18, 2023, Petitioner and Respondent were at their children's school when Respondent and her family tried to attack Petitioner. Petitioner testified that Respondent threatened to "whoop y'all" and jump Petitioner and her family.

{¶ 6} The individuals protected by the trial court's order were Petitioner and her minor daughter. In support of the order, the trial court found that Respondent knowingly had engaged in a pattern of conduct that had caused Petitioner to believe Respondent would cause physical harm or would cause or had caused mental distress. The trial court found the order necessary to protect Petitioner and her daughter from stalking offenses.

## II. Analysis

{¶ 7} In her pro se brief, Respondent provides her own version of events. She claims that her own daughter has been the victim of bullying and aggression by Petitioner's daughter. Respondent also denies ever threatening or stalking Petitioner or Petitioner's daughter. Although Respondent's brief lacks an assignment of error, we will construe her argument as an assignment of error challenging the weight of the evidence.

{¶ 8} We note, however, that Respondent did not testify at the December 19, 2023 protection-order hearing and does not appear to have been present for it. The record

contains a return of service, indicating that the sheriff's office personally served Respondent with notice of the hearing on November 30, 2023. Given Respondent's failure to participate in the hearing, the only evidence before us is Petitioner's testimony about Respondent's stalking behavior.

{¶ 9} We conclude that Petitioner's uncontroverted testimony supported the trial court's issuance of a civil stalking protection order under R.C. 2903.214. The record supported a finding that Respondent knowing had engaged in a pattern of conduct that had caused Petitioner to believe Respondent would cause physical harm and that had caused mental distress to Petitioner.

### III. Conclusion

{¶ 10} Respondent's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and HUFFMAN, J., concur.